JS-6

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FLEETWOOD ENTERPRISES, INC.<br><br>FIRST AMERICAN TRUST COMPANY, etc.<br><br>   Appellant,<br><br> vs.<br><br>FLEETWOOD ENTERPRISES, INC.<br><br>   Appellee. | CASE NO. EDCV 10-1254-JST<br>[BAP #6:09-BK-14254 MJ]<br><br>**ORDER GRANTING FLEETWOOD'S MOTION TO DISMISS FIRST AMERICAN'S APPEAL AS MOOT** |

## I.   INTRODUCTION

This matter arises out of the Chapter 11 bankruptcy case *In re Fleetwood Enters., Inc.*, Case No. 6:09-bk-14254-M, and adversary action *First Am. Trust Co. v. Fleetwood Enters., Inc.* et al., Case No. 6:09-ap-1415-MJ.  (Statement of Issues for Appeal, Doc. 4, ¶ 2.)  After Appellant First American Trust Company ("First American") appealed the United States Bankruptcy Court for the Central District of California's ("Bankruptcy Court") order confirming the Chapter 11 Liquidation Plan, Debtor/Appellee Fleetwood Enterprises, Inc. ("Fleetwood") moved to dismiss First American's appeal as moot.  (Doc. 48.)  Having reviewed the briefs, heard the parties' oral arguments, and taken the matter under submission, the Court GRANTS Fleetwood's Motion to Dismiss.

## II.   BACKGROUND

On March 10, 2009, Fleetwood and certain affiliated debtors ("Debtors") filed a voluntary petition for Chapter 11 bankruptcy.  (Not. of App., Doc. 2.)   On August 6, 2010, the United States Bankruptcy Court filed an Order Confirming the Fourth Amended Joint Plan of Liquidation of Fleetwood and its Affiliated Debtors ("the Plan").  (*Id.*)

On August 20, 2010, First American, as Trustee of the Century Trust, filed with this Court a notice of appeal of the Bankruptcy Court's order confirming the Plan ("Confirmation Order").  (*Id.*)  In its Statement of Issues to be Presented on Appeal, First American asserted that the Bankruptcy Court erred in overruling First American's objections to the Plan and in ruling that First American cannot seek the imposition of a constructive trust or other equitable remedies against Fleetwood or assets of the bankruptcy estate.  (Statement of Issues, Doc. 4, at 2.)  As First American alleges in its Opposition to Fleetwood's Motion to Dismiss, "the primary dispute between First American and Fleetwood concerns Fleetwood's borrowing of $9.8 [m]illion against life insurance policies owned by the Century Trust . . . First American has prayed for return of the $9.8 [m]illion through the imposition of a constructive trust to accomplish that result."  (Appellant's Opp., Doc. 50, at 2.)

On November 4, 2010, Fleetwood filed a Motion to Dismiss First American's Bankruptcy Appeal. (Appellee's Not. of Mot. to Dis., Doc. 48.) In its Motion, Fleetwood argues that the Court should dismiss First American's appeal because First American failed to obtain a stay of the Bankruptcy Court's Confirmation Order pending appeal and, therefore, the appeal is moot. (*Id.* at ii.) First American filed an opposition, (Appellant's Opp., Doc. 50,) and Fleetwood replied. (Appellee's Reply, Doc. 52.)

## III.   LEGAL STANDARD

A district court has jurisdiction to hear bankruptcy appeals. 28 U.S.C. § 158. "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

A district court may dismiss bankruptcy appeals for jurisdictional mootness or equitable mootness. *See In re Focus Media, Inc.*, 378 F.3d 916, 922-923 (9th Cir. 2004). Jurisdictional mootness applies when events "occur that make it impossible for the appellate court to fashion effective relief." *Id.* at 922. "[T]he party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide." *Id.* at 923 (quoting *In re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir. 1997)). Equitable mootness arises when "appellants have failed and neglected diligently to pursue their available remedies to obtain a stay of the objectionable orders of the Bankruptcy Court, thus permitting such a comprehensive change of circumstances to occur as to render it inequitable . . . to consider the merits of the appeal." *Id.* at 923 (quoting *In re Roberts Farms, Inc.*, 652 F.2d 793, 798 (9th Cir. 1981)).

"The Ninth Circuit has acknowledged that tension has developed within mootness jurisprudence between these two 'alternative rationales.'" *In re Popp*, 323 B.R. 260, 271 (B.A.P. 9th Cir. 2005) (citing *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988)). "Under the first rationale, courts look solely at their ability to fashion an effective remedy. Under the second, courts go beyond remedial considerations and consider the

3

consequences of the remedy and the number of third parties who have changed their position in reliance on the order that is being appealed." *Id.*

## IV. DISCUSSION

Fleetwood argues that First American's appeal should be dismissed as both jurisdictionally and equitably moot because First American failed to obtain a stay before filing its appeal and the Plan has been "substantially consummated," making the relief sought by First American on appeal in the form of a constructive trust practically impossible. (Appellee's Mot. at 1.) Fleetwood asserts that "[w]hen an appeal to a confirmation order is filed, but the appellant does not obtain a stay and allows the Plan to be substantially consummated, the appeal becomes jurisdictionally moot." (*Id.* at 1, 16-18.) Alternatively, Fleetwood argues that First American's appeal is equitably moot because granting a constructive trust in light of the circumstances would be inequitable to the other parties in interest. (*Id.* at 2, 19-24.)

First American does not dispute that it failed to seek or obtain a stay of the Bankruptcy Court's Confirmation Order, but does claim that "Fleetwood has not provided any evidence" that the Plan has been substantially consummated. (Appellant's Opp. at 9, 21.) Because the Plan's substantial consummation affects whether First American's appeal is jurisdictionally or equitably moot, the Court addresses the former before answering the latter.

### A. Plan's Substantial Consummation

The Bankruptcy Code defines "substantial consummation" as a three-fold process: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2). For purposes of the Plan, the parties agreed that substantial consummation under 11 U.S.C.

1  § 1101(2) would not occur until "all Allowed Administrative Claims, Priority Claims and
2  Miscellaneous Secured Claims have been paid in full or funds sufficient to satisfy all
3  Allowed Administrative Claims, Priority Claims and Miscellaneous Secured Claims have
4  been placed in a segregated reserve." (Appx., Doc. 47, Tab 20 at 96-97; Appellee's Reply
5  at 12.)

6  An "essential element" of the Plan is the Liquidating Trust, i.e. the successor in
7  interest to Fleetwood and its 49 affiliated Debtors. (Not. of App., Exh. A., Confirmation
8  Order at 8.) In support of its Motion, Fleetwood submitted two signed declarations from
9  Peter Kravitz, the duly appointed Liquidating Trustee for the Liquidating Trust, detailing
10 the steps the Liquidating Trust has taken since confirmation to substantially consummate
11 the Plan. (Kravitz Decl., Doc. 48-3; Kravitz Decl. II, Doc. 53-1.) Specifically, in the
12 Declaration Kravitz submitted with Fleetwood's Reply Brief, he directly confirms that the
13 Plan has been substantially consummated: "[p]ursuant to the Plan, funds sufficient to pay
14 all allowed administrative claims and priority claims have been placed in a segregated
15 reserve for the benefit of the Debtors' administrative and priority claimants." (Kravitz
16 Decl. II ¶ 5.) Kravitz also confirms that "[a]ll of the Debtors' non-taxing authority secured
17 claimants have been paid," and "[a] reserve has been established for taxing authorities for
18 asserting secured claims." (*Id.*) Thus, by the Plan's definition, substantial consummation
19 has occurred.

20 In both of his Declarations, Kravitz also provides specific actions taken by the
21 Liquidating Trust that evidence the Plan's substantial consummation, such as the
22 dissolving of 22 Debtors; distributing $2,100,361.05 in administrative expenses to various
23 professionals of the Debtors and Creditors' Committee; completing distributions to four
24 classes of creditors; paying out more than $12,994,048.74, through October 28, 2010, from
25 the assets of the former bankruptcy estates; and making distributions to approximately 100
26 creditors. (Kravitz Decl. ¶¶ 5-6; Kravitz Decl. II ¶ 9.) As these facts show, the Plan is not
27 in "the early stages of implementation," as First American claims, (Appellant's Opp. at 4,)
28 but rather has been substantially consummated.

B. <u>Jurisdictional Mootness</u>

While the Ninth Circuit has found in certain circumstances that an "appeal [is] moot if a party opposing a [bankruptcy] plan has failed to obtain a stay pending appeal, and the plan has been carried out to 'substantial culmination,'" *In re Baker & Drake, Inc.*, 35 F.3d 1348, 1351 (9th Cir. 1994), the Court notes that "[s]uch a result . . . is not yet a rule." *In re Popp*, 323 B.R. at 272 (internal citations omitted). "[T]he fact that a plan is substantially consummated and that the appellant failed to obtain a stay pending appeal does not, by itself, render an appeal moot. The appellate court should still consider whether it can grant effective relief." *In re Weinstein*, 227 B.R. 284, 289 (B.A.P. 9th Cir. 1998) (internal citation omitted). To preclude an appeal for jurisdictional mootness, the Court must also find that events have "occurred that make it impossible for [the Court] to fashion effective relief" on appeal. *In re Focus Media*, 378 F.3d at 922.

The Ninth Circuit has held that if "relief would require non-party creditors, over whom this court has no authority, to disgorge payments to which they were indisputably entitled," the Court cannot "fashion effective relief" and the appeal "must be dismissed as moot." *In re Planet Pro, Inc.*, 214 F. App'x. 646, 648 (9th Cir. 2006); *see In re Arnold & Baker Farms*, 85 F.3d 1415, 1419-20 (9th Cir. 1996) (holding that "a court can dismiss an appeal on the ground of mootness . . . 'when an appellant neglected to obtain a stay pending appeal and the rights of third parties have intervened'") (quoting *In re Spirtos*, 992 F.2d 1004, 1006 (9th Cir. 1993)); *In re Blumer*, 66 B.R.109, 113 (B.A.P. 9th Cir. 1986) ("Effective relief is impossible if funds have been disbursed to persons who are not parties to the appeal. . . ."). That situation applies here.

Because First American failed to obtain a stay, to date the Liquidating Trust has distributed nearly $13 million to approximately 100 creditors who are not parties to this appeal, and completed distribution to four classes of creditors. (Kravitz Decl. ¶¶ 5-6; Kravitz Decl. II ¶ 9.) In the weeks remaining before the January 3, 2011 hearing for First American's appeal, the Liquidating Trust will continue to sell and transfer Debtors'

1 property and distribute funds to numerous creditors in various Classes.  (Kravitz Decl. II
2 ¶¶ 7-8.)  Thus, for the Court to grant First American's requested constructive trust remedy
3 on appeal, even if warranted, the Court "would do nothing other than create an
4 unmanageable, uncontrollable situation for the Bankruptcy Court." *In re Roberts Farms*,
5 652 F.2d at 797.

6       Indeed, this is not a case where "the court can fashion relief by simply ordering
7 additional disbursements of money by one of the parties on appeal," *In re Weinstein*, 227
8 B.R. at 289, or "by ordering Debtor . . . to return the money to the estate." *In re Spirtos*,
9 992 F.2d at 1007.   Rather, First American's appeal asks the Court essentially to disregard
10 the Plan, treat First American differently than every other Class 6 unsecured creditor, and
11 create a constructive trust with certain funds in the Liquidating Trust, which have been
12 designated for or distributed to other creditors.  Because First American provides no
13 reference to any case in any jurisdiction where an appellate court has taken such steps, nor
14 does the Court find any such case, the Court deems that it cannot provide effective relief.
15 First American's appeal is therefore jurisdictionally moot.

16

17       C.      <u>Equitable Mootness</u>

18       Although jurisdictional mootness is dispositive, the Court finds that First
19 American's appeal is also equitably moot because a comprehensive change of
20 circumstances has occurred so as to render it inequitable to consider the merits of the
21 appeal.  *In re Focus Media, Inc.*, 378 F.3d at 922-923; see *In re Roberts Farms*, 652 F.2d
22 at 798.  "Courts have described [the equitable mootness] rationale as the need to assure
23 'finality,' and under this rationale the failure of an appellant to obtain a stay receives great
24 weight."  *In re Popp*, 323 B.R. at 271.  Furthermore, "the principle of dismissal of an
25 appeal for lack of equity . . . is justified to prevent frustration of orderly administration of
26 estates under various provisions of the Bankruptcy Act." *In re Roberts Farms*, 652 F.2d at
27 798.

28

"Equitable mootness is presumed when the reorganization plan has been substantially consummated during the pendency of the appeal." *In re USA Commercial Mortg. Co.*, No. 2:07-CV-00072, 2007 WL 2571947, at *9 (D. Nev. Aug. 29, 2007). As the Court previously discussed, First American failed to seek or obtain a stay, resulting in the Plan's substantial consummation and over 100 creditors receiving funds from the Liquidating Trust. (*See supra* Part IV.A.) First American provides no explanation for its failure to seek a stay, but instead devotes much of its Opposition to arguing the merits of its appeal. "[T]hese arguments are misplaced as the Court must first address the threshold question of mootness." *Alphamed Pharm. Corp. v. Arriva Pharm. Inc.*, No. C08-1279, 2008 WL 2220612, at *2 (N.D. Cal. May 27, 2008). Noting the need for "orderly administration" and "finality" in Bankruptcy estates, the Court finds it inequitable to consider granting First American an unprecedented remedy that would potentially eviscerate the Plan and certainly negatively affect over 100 other creditors who have relied on the Confirmation Order that First American appealed. *See In re Popp*, 323 B.R. at 271.

### V.     CONCLUSION

For the reasons outlined above, the Court GRANTS Fleetwood's Motion to Dismiss.

DATED:  December 7, 2010

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE